IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONNELL SMITH, #351959          *
        Plaintiff,
    v.                          *      CIVIL ACTION NO. RDB-12-2704

OFFICER ANTHONY HARRIS, *et al*.  *
        Defendants.
                        ***

## MEMORANDUM OPINION

### I. PROCEDURAL HISTORY

On September 10, 2012, Donnell Smith ("Smith") filed this self-represented 42 U.S.C. §
1983 Complaint raising four Counts pertaining to excessive force, falsification of reports, denial of
access to the courts, and violation of due process.   He names Anthony Harris, Karen Blackwell,
Reginald Oliver, Augustine Ebot,[1] Latasha Barrett, Ganiyat Ajose, Warden John S. Wolfe, Nurse
Frida Mande, Darvin Geyer, Correctional Medical Services, Shalawnda Suggs, and Shavella Miles as
Defendants.  Smith claims that while housed at the Jessup Correctional Institution (JCI") he was
maced by correctional officers, Harris punched him in the nose while he was in hand restraints,
officers falsified use-of-force reports to hide Harris's illegal and unconstitutional action, officers
refused to investigate the assault and prevented him from filing criminal charges, he was improperly
placed on disciplinary segregation, and medical staff falsified records regarding his pain and
suffering.  He seeks declaratory and compensatory relief.   (Compl. at pgs. 3-6).

### II. PENDING MOTIONS

Currently before the Court are Defendants Mande and Corizon, Inc.'s (f/k/a Correctional
Medical Services, Inc.) Motion to Dismiss or, in the Alternative for Summary Judgment (ECF No.
17), Defendants Ajose, Barrett, Blackwell, Ebott, Suggs and Wolfe's Motion to Dismiss or, in the

---

[1]      The docket shall be amended to reflect the correct spelling of this Defendant's last name.

Alternative, Motion for Summary Judgment (ECF No. 33), Defendant Miles's Motion to Dismiss or,

in the Alternative, Motion for Summary Judgment (ECF No. 35), and Defendant Oliver's Motion to

Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 40).[2]  Smith has filed

Opposition responses.  (ECF Nos. 21, 22, 26, & 43).  Defendant Corizon, Inc. and Mande have

filed a Reply.  (ECF No. 24).  No hearing is deemed necessary.  *See* Local Rule 105.6. (D. Md.

2011).  For reasons to follow, Defendants' pleadings, construed as motions for summary judgment,

shall be GRANTED.  The case SHALL PROCEED only as to the excessive force claim raised as to

Defendant Harris in Count I.

### III.  STANDARD OF REVIEW

Where a plaintiff proceeds without counsel, his filing is to be "liberally construed" and held

to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 511 U.S.

80, 94 (2007).

Summary judgment is appropriate under Rule 56(a) of the Federal Rules of Civil Procedure

when there is no genuine issue as to any material fact, and the moving party is plainly entitled to

judgment in its favor as a matter of law.   In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986) the Supreme Court explained that in considering a motion for summary judgment, the

"judge's function is not himself to weigh the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at

248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one

---

[2]       It appears that Medical Defendant Ervin Geyer and Correctional Officer Harris may have been
served, but did not file a response. (ECF No. 37).   This Court finds for reasons stated herein that the
Complaint against Defendant Geyer shall be dismissed.

side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, the Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

## IV. DISCUSSION

### Facts

According to Defendants, on December 28, 2010, Smith was told to return to his cell, but refused to do so. (ECF No. 33, Exs. 1 & 2). Because it appeared that Smith was causing a disturbance, an "officer-in-need-of-assistance" or "Signal 13" call was made. Smith continued to refuse to lock into his cell and "fought" officers when they attempted to place handcuffs on him. As a result an order was given to restrain Smith on the ground and to use pepper spray to subdue him. (ECF No. 33, Exs. 1 & 2). Defendants maintain Smith resisted being taken to the ground. (*Id.*, Ex. 3B). They acknowledge that once Smith was on his feet and in handcuffs, Harris spontaneously punched him once in the face. (*Id.*, Exs. 3, 3A, & 3B). Smith was immediately escorted to the medical unit for evaluation. Further investigation led to the conclusion that Harris's behavior constituted excessive force. (*Id.*, Ex. 3B). Smith was charged with violating Rules 312 & 400 for refusing a direct order and interfering with an officer. (*Id.*)

Defendants provide Smith's medical records to show that the inmate had a "small amount of blood in his nostrils and mouth..." (*Id.*) No open wounds, swelling or discoloration was noted. Mild objective pain rated four on a scale of 10 was voiced by Smith on palpation to the nasal bone area. (*Id.*, Ex. 4). He denied that he had trouble breathing, dizziness, blurred vision or trouble with swallowing. The affected area was cleansed with normal saline and the bleeding stopped. Defendants assert that Smith declined an ice pack and medication, indicating he was fine. An x-ray of the nasal area found no evidence of acute fracture, dislocation, or subluxation. A prior trauma to right-sided nasal bone with rightward deviation was noted. (*Id.*). Smith was informed of the imaging results on January 3, 2011. Defendants Corizon, Inc. and Mande affirm that although Smith has been seen several times by health care staff for complaints of heartburn, headaches, dry skin, and cold,

allergy or flu-like symptoms, not once did he complain about pain in his nose since the January 3, 2011 visit. (ECF No. 17, Exs. A7-A31 & B1-B11).

In his Oppositions, Smith asserts that Defendants' factual presentation is inadequate, as they have only provided a fraction of the records. (ECF No. 21). He points to the fact that several medical records have been omitted and states that they will show that on September 7, 2011, he complained about pain in his upper face, nose and facial areas attributable to the December 28, 2010 incident. He argues that he suffers from Post-Traumatic Stress Disorder ("PTSD") as a direct result of the assault and that this condition involves a serious medical need. (ECF Nos. 21, 22, 26 & 43). Plaintiff further asserts that Defendant Harris's actions violated the Eighth Amendment and that the remaining Defendants acted to cover up Harris's unconstitutional behavior. (ECF No. 26 & 43).

## Legal Analysis

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkens v. Gaddy*, 559 U.S. 34, 36-39 (2010) (holding the core judicial inquiry when a prisoner alleges excessive force is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and

sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id.* Not every malevolent touch by a prison guard, however, gives rise to a federal cause of action for excessive force in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.* at 37.

Viewing the facts in a light most favorable to Smith, he has been challenged to show that correctional officers maliciously applied force. At no point does Smith dispute the fact that he disobeyed direct orders from officers by refusing to lock in cell or to submit to hand restraints. He was taken to the ground and after further resistance, he was sprayed with a chemical agent.[3] The Court finds no Eighth Amendment violation associated with the use of the agent.

There is likewise no dispute that Harris landed a single punch to Smith's nose with a closed fist *after* Smith had been subdued by officers, pulled up off the ground, and placed in hand restraints. The punch caused Smith to bleed from his nasal passage. This aspect of Smith's excessive force claim must proceed.[4]

Smith further claims that the officers falsified records to cover up Harris's action and he was denied the ability to file criminal charges. The Court finds both claims unavailing. The reports presented to the Court reveal that some correctional officers said they did not see who punched Smith

---

[3]     To the extent that Smith complains about his assignment to segregation after the incident of December 28, 2010, he has failed to articulate a claim. Placement on segregation alone is not an "atypical and significant hardship." *See McNeill v. Currie,* 84 Fed. Appx. 276, 277 (4th Cir. 2003); *Beverati v. Smith,* 120 F.3d 500, 502–04 (4th Cir. 1997) ("confinement to administrative segregation does not implicate a liberty interest.").

[4]     Smith claims that he filed a sick-call slip some nine months after the incident complaining of bleary vision and off-and on-again pain in the upper face area caused by the assault. He further claims that the assault caused him to experience PTSD. The Prison Litigation Reform Act, however, states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for any emotional and mental injury. *See Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997).

while others acknowledged that Harris delivered the blow.  There is no showing that Defendants intentionally concealed Harris's actions.  In addition, Smith has no free-standing right to seek the criminal prosecution of individuals. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987).  Summary judgment shall be granted in favor of Defendants as to these grounds.[5]

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need.[6] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Proof of an objectively serious medical condition, however, does not end the inquiry.  The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839-40.  "True subjective recklessness requires knowledge both of the general

---

[5]     To the extent that Smith names Warden Wolfe as a Defendant, there is no allegation that Wolfe was personally involved in the December 2010 incident or in the ensuing medical care received by Smith. Smith has provided no evidence demonstrating supervisory liability on the part of the Warden. *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994).

[6]     The medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).  A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005).

risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter...becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Correctional Ctr.*, 58 F. 3d 101, 105 (4th Cir. 1995), quoting *Farmer*, 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2001) (citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998)).

Assuming, *arguendo*, that Smith's underlying medical injury is sufficiently serious to support an Eighth Amendment claim, the Court finds no violation. Smith has failed to come forward with sufficient evidence to support his claim that the Medical Defendants' conduct was deliberately indifferent to injury arising out of the assault. He was seen by prison health care staff immediately after the incident and the affected area was cleaned, the bleeding stopped, and he was provided an x-ray the following day. He does not refute the contention that he voiced no complaints about his nasal passages, eyes, or facial area related to the assault, except to state that he filed a sick-call slip some nine months later complaining of blurry vision and off-and on-again pain in the upper face area he attributed to the punch. He has failed to demonstrate an Eighth Amendment violation.

## V. CONCLUSION

For the aforementioned reasons, Defendants' Motions, construed as motions for summary judgment, shall be GRANTED. The Complaint against Defendant Geyer shall be dismissed and the

excessive force claim against Correctional Officer Harris shall proceed. Smith shall be granted an

additional period of time to seek the appointment of counsel. A separate Order follows.


Date:   6/20/13                                         /s/
                                        RICHARD D. BENNETT
                                        UNITED STATES DISTRICT JUDGE